John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508

*Attorney for Lead Plaintiff Movant*
*Plymouth County Retirement Association*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE TRUSTEES OF THE WELFARE AND PENSION FUNDS OF LOCAL 464A – PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and RAGHUVEER BELUR,<br><br>Defendants. | Case No. 3:24-cv-09038-JST<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEAD PLAINTIFF MOVANT PLYMOUTH COUNTY RETIREMENT ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Judge: Jon S. Tigar<br>Date: April 10, 2025<br>Time: 2:00 P.M.<br>Courtroom: 6<br><br>Complaint Filed:  December 13, 2024 |

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES TO BE DECIDED.........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL BACKGROUND............................................................................................2

III.    ARGUMENT....................................................................................................................3

        A.      Plymouth County Should Be Appointed Lead Plaintiff ..........................................3

                1.      Plymouth County's Motion Is Timely ...........................................................3

                2.      Plymouth County Has the Largest Financial Stake in the Relief
                        Sought by the Class.........................................................................................4

                3.      Plymouth County Is Otherwise Qualified Under Rule 23 .........................5

                4.      The Court Should Approve Plymouth County's Choice of Counsel...........6

IV.     CONCLUSION.................................................................................................................8

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ......................................................................................1, 4, 6, 7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..........................................................................................................7

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) .......................................................................................................6

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ...............................................4

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .....................................................................................4

*Lax v. First Merchs. Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).....................................................4

*Leventhal v. Chegg, Inc.*,
No. 5:21-cv-09953-EJD, 2022 WL 4099454 (N.D. Cal. Sept. 7, 2022)....................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ..................................3

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................4

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................................4

*Russo v. Finisar Corp.*,
No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) .................................5

*Westley v. Oclaro, Inc.*,
No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ...................................5, 6

**Statutes**

15 U.S.C. §77z-4(a)(3)(B)(v).........................................................................................................1

15 U.S.C. §78u-4(a)(3)(A)(i) ........................................................................................................3

15 U.S.C. §78u-4(a)(3)(A)(i)(II)...................................................................................................3

ii

15 U.S.C. §78u-4(a)(3)(A)-(B) ...............................................................................................3

15 U.S.C. §78u-4(a)(3)(B) ...............................................................................................1, 5

15 U.S.C. §78u-4(a)(3)(B)(i) ...............................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(iii) ...............................................................................................1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ...............................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc)...............................................................................................1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)...............................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) ...............................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(v) ...............................................................................................1, 6

**Other Authorities**

1 ALBERT CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS §3:13
    (4th ed. 2008) ...............................................................................................6

Federal Rules of Civil Procedure Rule 23 ...............................................................................................1, 5, 6

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.    Whether the Court should appoint Plymouth County Retirement Association ("Plymouth County" or "Movant")[1] as Lead Plaintiff for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve Movant's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plymouth County, by and through its undersigned counsel, respectfully submits this memorandum of points and authorities in support of its Motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of its selection of Scott+Scott to serve as Lead Counsel for the securities claims.

The PSLRA provides that the court is to appoint as lead plaintiff the member or members of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc). As demonstrated below, Plymouth County should be appointed to serve as Lead Plaintiff because: (1) its motion for appointment is timely filed; (2) based on information presently available, Plymouth County has the largest financial interest in this litigation; and (3) Plymouth County is an adequate and typical member of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Plymouth County's selection of Scott+Scott to serve as Lead Counsel for the Class should be approved. *See* 15 U.S.C. §77z-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating

---

[1]    Unless otherwise defined, terms herein retain the same meanings as defined in the Notice of Motion and Motion. Internal citations and quotations are omitted and emphasis is added throughout unless otherwise noted.

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

securities class actions and possess the necessary resources to aggressively prosecute this Action on behalf of the putative Class. Moreover, Scott+Scott has undertaken significant effort to investigate and advance the claims asserted against the above-captioned Defendants on behalf of the putative Class.

## II.    FACTUAL BACKGROUND[2]

Enphase Energy, Inc. ("Enphase" or the "Company" or "Corporate Defendant") develops, manufactures, and sells solar microinverters, which Enphase primarily sells to solar distributors. ¶2. The Company's common stock trades on the NASDAQ under the ticker symbol "ENPH." ¶3. Specifically, from April 25, 2023, to October 22, 2024, inclusive (the "Class Period"), Badrinarayanan Kothandarama, the Company's President and Chief Executive Officer, Raghuveer Belur, the Company's Senior Vice President and Chief Products Officer (collectively with Enphase, "Defendants"), made materially false and/or misleading statements and/or failed to disclose that: the Company faced challenges to its ability to maintain its pricing levels and market share for microinverter products in Europe in the face of competition from low-cost, Chinese alternatives. ¶¶23-24, 38.

The truth began reaching the market on October 26, 2023, after the markets closed, when the Company announced its financial results for third quarter 2023, reporting revenue in Europe had decreased approximately 34%, compared to the second quarter of 2023 due to softening in demand in our key markets – the Netherlands, France, and German. ¶39. During the associated earnings call, the Company attributed the decline to poor sell-through of the Company's products in the Netherlands, the Company's largest European market, because of temporary "confusion" concerning regulatory changes in the solar industry. ¶39.

---

[2]    All "¶_" and "¶¶__" citations are to the Class Action Complaint for Violations of the Federal Securities Laws filed on December 13, 2024 (ECF No. 1) (the "Complaint"), under docket number 3:24:cv-09038, unless otherwise stated, and the facts set forth in the Complaint are incorporated herein by reference.

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

On this news, the price of Enphase common stock declined $14.09 per share, or nearly 15%, from a close of $96.18 per share on October 26, 2023, to close at $82.09 per share on October 27, 2023. ¶41.

Finally, the market continued to learn the truth on October 22, 2024, after the markets closed, when the Company announced its financial results for third quarter 2024, reporting that revenue in Europe had decreased approximately 15% compared to second quarter 2024. ¶51. During the associated earnings call, the Company noted that the "overall business environment in the region is challenging," but failed to mention the Company's Chinese competitors. ¶52.

On this news, the price of Enphase common stock declined $13.76 per share, or nearly 15%, from a close of $92.23 per share on October 22, 2024, to close at $78.47 per share on October 23, 2024, severely harming investors. ¶54.

## III.   ARGUMENT

### A. Plymouth County Should Be Appointed Lead Plaintiff

#### 1.   Plymouth County's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of the Action on December 13, 2024, counsel for Plaintiff The Trustees of the Welfare and Pension Funds of Local 464A - Pension Fund published notice of pendency of the Action via *Business Wire*. *See* Jasnoch Decl., Ex. A. Because the Early Notice was published within 20 days of the initiation of the Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed Lead Plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice (*i.e.*, February 11, 2025). 15 U.S.C. §78u-4(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Moreover,

3

Plymouth County has submitted a certification stating its willingness to serve as a representative party on behalf of the Class.  *See* Jasnoch Decl., Ex. B.

### 2. Plymouth County Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).  "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'"  *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).  "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."  *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Plymouth County has the largest financial interest in the relief sought in this litigation, having lost approximately $235,116 as a result of the Defendants' wrongdoing.  *See* Jasnoch Decl., Ex. C.  Given that Plymouth County has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA prerequisites

for appointment as Lead Plaintiff, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.   Plymouth County Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Securities Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at \*2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Leventhal v. Chegg, Inc.*, No. 5:21-cv-09953-EJD, 2022 WL 4099454, at \*3 (N.D. Cal. Sept. 7, 2022). Here, Plymouth County's claims are typical of the claims of the other members of the putative Class because, like all other Class members, Plymouth County: (1) purchased Enphase common stock during the Class Period; (2) was adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at \*4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Plymouth County are based on the same legal theories and arise "from the same event or practice or course

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See* 1 ALBERT CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation").  Plymouth County satisfies the "adequacy" requirement in the instant litigation because its interests clearly align with the interests of the putative Class.  Moreover, Plymouth County, like all other members of the putative Class, suffered losses as a result of purchasing Enphase common stock at prices that were artificially inflated due to Defendants' alleged fraudulent misconduct.  Plymouth County will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between Plymouth County and the putative Class.

Plymouth County has also demonstrated that it is an adequate representative in this matter by having retained competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Plymouth County has made a *prima facie* showing that it satisfies all of the requirements of Fed. R. Civ. P. Rule 23 for the purposes of his motion.

**4.  The Court Should Approve Plymouth County's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the Lead Plaintiff's choice of Lead Counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice[]")

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

(citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Plymouth County has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions, possesses the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of Plymouth County and the putative Class.[3]  *See* Jasnoch Decl., Ex. D (Scott+Scott firm résumé).  Also, Scott+Scott currently serves as lead or Lead Counsel in numerous securities class actions pending in several U.S. District Courts.[4]  *See also* Jasnoch Decl., Ex. D.

In light of the foregoing, the Court should approve Plymouth County's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Plymouth County's choice of Lead Counsel, the putative Class will receive the highest caliber of representation.

---

[3]    Recoveries obtained by Scott+Scott, acting as lead or Lead Counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.) ($107.5 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *Irvine v. ImClone Sys.*, *Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.,* HUD-L-003492-1 (Sup. Ct. NJ) ($102.5 million); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

[4]    *See, e.g.*, Current Lead Counsel Appointments: *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of St. Louis Relief & Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.).

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

## IV.     CONCLUSION

For all of the foregoing reasons, Plymouth County respectfully requests that the Court appoint it as Lead Plaintiff and approve his selection of Scott+Scott to serve as Lead Counsel.

DATED: February 11, 2025                    Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
*/s/ John T. Jasnoch*
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Donald A. Broggi (*pro hac vice* forthcoming)
Kassandra Nelson (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
Nicholas S. Bruno (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
knelson@scott-scott.com
jzimmerman@scott-scott.com
nbruno@scott-scott.com

*Counsel for Lead Plaintiff Movant Plymouth County
Retirement Association and Proposed Lead Counsel*

8

**L.R. 11-6.1 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plymouth County certifies that this brief contains 2,618 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 11, 2025

/s/ John T. Jasnoch
John T. Jasnoch

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of this filing via electronic means to all counsel of record.

DATED: February 11, 2025

*/s/ John T. Jasnoch*
John T. Jasnoch

MEMO. OF LAW ISO MOTION FOR APPOINTMENT AS LEAD PLTF AND APPROVAL
OF LEAD COUNSEL
CASE NO. 3:24-cv-09038-JST