**KESSLER TOPAZ MELTZER
  & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Proposed Lead Plaintiff HANSAINVEST
Hanseatische Investment-GmbH and Proposed Lead
Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| THE TRUSTEES OF THE WELFARE AND PENSION FUNDS OF LOCAL 464A – PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and RAGHUVEER BELUR,<br><br>Defendants. | Case No. 4:24-cv-09038-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF HANSAINVEST HANSEATISCHE INVESTMENT-GMBH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>**CLASS ACTION**<br><br>Date: April 10, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES...................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES........................................................... 1

I.      PRELIMINARY STATEMENT ................................................................................. 1

II.     ARGUMENT ............................................................................................................. 4

        A.      HANSAINVEST Should Be Appointed Lead Plaintiff ................................. 4

                1.      HANSAINVEST Has the Largest Financial Interest of Any Movant ............ 5

                2.      HANSAINVEST Satisfies the Relevant Requirements of Rule 23 ............... 6

        B.      HANSAINVEST's Selection of Counsel Should Be Approved ................................ 7

        C.      The Competing Motions Should Be Denied ................................................... 8

                1.      The UK Funds Have Failed to Comply With the PSLRA's Timeliness
                        Requirement ................................................................................. 8

                2.      The UK Funds' Filings Contain Additional Errors ........................................ 9

                3.      The UK Funds' Trading Renders Them Atypical ......................................... 10

III.    CONCLUSION ....................................................................................................... 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Batter v. Hecla Mining Co.*,
   Nos. 19-cv-4883 (ALC), *et al.*,
   2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020)...........................................................................11

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
   No. 3:23-cv-04332-JSC,
   2023 WL 8482871 (N.D. Cal. Dec. 7, 2023) ...........................................................................11

*Bodri v. GoPro, Inc.*,
   Nos. 16-cv-00232-JST, *et al.*,
   2016 WL 1718217 (Apr. 28, 2016)......................................................................................2, 5

*Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*,
   306 F.3d 726 (9th Cir. 2002).........................................................................................*passim*

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009)...............................................................................................3, 7

*Faris v. Longtop Fin. Techs. Ltd.*,
   No. 11 Civ. 3658(SAS),
   2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ........................................................................4, 10

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992)................................................................................................11

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018).............................................................................5, 6, 7

*Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017)..............................................................................5, 10

*In re IMAX Sec. Litig.*,
   272 F.R.D. 138 (S.D.N.Y. 2010)..........................................................................................11

*Lundy v. Ideanomics, Inc.*,
   No. 20 Civ. 4944 (GBD),
   2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020).........................................................................11

*May v. Barclays PLC*,
   No. 23-cv-2583 (LJL),
   2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023) .....................................................................4, 9

*Mersho v. U.S. Dist. Court for Dist. of Ariz.*,
    6 F.4th 891 (9th Cir. 2021)........................................................................................ 3, 5

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................................ 9

*N. Collier Fire Control & Rescue Dist. Firefighters Ret. Plan v. Dentsply Sirona Inc.*,
    No. 1:24-cv-09083-NRB (S.D.N.Y. Feb. 21, 2025), ECF No. 25 .......................... 7

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
    No. 4:17-CV-00449,
    2017 WL 3780164 (E.D. Tex. Aug. 31, 2017)......................................................... 9

*Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp.*,
    Nos. 21 Civ. 5739 (PAE), *et al.*,
    2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ........................................................ 10

*Shenwick v. Twitter, Inc.*,
    No. 16—cv—05314-JST,
    2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ........................................................ 7

*Skwortz v. Crayfish Co., Ltd.*,
    Nos. 00 CIV. 6766(DAB), *et al.*,
    2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ................................................. 3, 8, 9

*In re Snap Inc. Sec. Litig.*,
    No. 2:17-cv-03679-SVW-AGR,
    2019 WL 2223800 (C.D. Cal. Apr. 1, 2019).................................................... 10, 11

*Weston v. DocuSign, Inc.*,
    No. 22-cv-00824-WHO,
    2022 WL 1301770 (N.D. Cal. Apr. 18, 2022).................................................... 5, 8

**Statutes**

15 U.S.C. § 78u-4(a) ..................................................................................*passim*

28 U.S.C. § 1746(1).............................................................................................. 9, 10

HANSAINVEST respectfully submits this Memorandum of Points and Authorities in further support of its motion for appointment as Lead Plaintiff (ECF No. 16), and in opposition to the competing motions (ECF Nos. 20, 24, 31, & 37).[1]

**STATEMENT OF ISSUES**

1.      Whether HANSAINVEST is the "most adequate plaintiff" and should be appointed Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2.      Whether this Court should approve of HANSAINVEST's selection of Kessler Topaz as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **PRELIMINARY STATEMENT**

On February 11, 2025, HANSAINVEST timely filed its motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel.  *See* ECF No. 16.  In addition to HANSAINVEST's motion, timely motions seeking appointment as Lead Plaintiff were also filed by Jeffrey Schumacher and Haridarshan Singh (ECF No. 20) and Curt L. Cotner (ECF No. 24).  In violation of the explicit 5:00 p.m. filing deadline set forth in the Standing Order for All Civil Cases Before District Judge Jon S. Tigar ("Standing Order"), ***untimely*** motions seeking appointment as Lead Plaintiff were filed by Cheshire Pension Fund and Rhondda Cynon Taf Pension Fund (together, the "UK Funds") (ECF No. 31, filed at 9:33 p.m. PST) and Plymouth County Retirement Association ("Plymouth County") (ECF No. 37, filed at 11:18 p.m. PST).  Jeffrey Schumacher and Haridarshan Singh, Plymouth County, and Curt L. Cotner each subsequently filed statements of non-opposition or withdrew their motions, and do not challenge HANSAINVEST's appointment as Lead Plaintiff (ECF Nos. 47, 48 & 49).

HANSAINVEST is entitled to appointment as Lead Plaintiff under the PSLRA and Ninth Circuit authority.  Under the PSLRA, there is a strong presumption that HANSAINVEST is the "most adequate plaintiff" because it possesses the largest financial interest of any movant (timely or

---

[1]      Unless otherwise noted, all capitalized terms are defined in HANSAINVEST's opening brief, *see* ECF No. 16, all emphasis is added, and all internal citations and quotation marks are omitted.

untimely) and is adequate and typical in all respects. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (outlining the PSLRA's "straightforward" lead plaintiff selection process). That presumption can only be rebutted "upon proof" that HANSAINVEST is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

*First*, with losses of more than $2.8 million under the LIFO accounting methodology—the methodology overwhelmingly favored by this Court and courts across the county for analyzing financial interest—HANSAINVEST unquestionably possesses the largest financial interest in the litigation, as seen in the chart below. *See, e.g.*, *Bodri v. GoPro, Inc.*, Nos. 16-cv-00232-JST, *et al.*, 2016 WL 1718217, at *3 (Apr. 28, 2016) (Tigar, J.) ("[T]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology.").

| Movant | Reported Loss |
|---|---|
| **HANSAINVEST**<br>[ECF No. 16] | **$2,827,494.68** |
| ~~UK Funds~~<br>[ECF No. 31, untimely] | ~~$2,531,487~~ |
| ~~Plymouth County~~<br>[ECF No. 37, untimely; ECF No. 48<br>(statement of non-opposition)] | ~~$235,116.13~~ |
| ~~Curt L. Cotner~~<br>[ECF No. 24; ECF No. 49 (withdrawal)] | ~~$232,311.15~~ |
| ~~Jeffrey Schumacher and Haridarshan Singh~~<br>[ECF No. 20; ECF No. 47 (statement of non-opposition)] | ~~$210,523~~ |

*Second*, in addition to asserting the largest financial interest, HANSAINVEST readily satisfies the PSLRA's adequacy and typicality requirements, and is perfectly situated to represent all class members. HANSAINVEST is also a sophisticated institutional investor that is the prototypical

investor Congress sought to encourage to lead securities class actions. *See infra* Section II.A.2. There can be no doubt that HANSAINVEST will zealously represent the interests of the class here.

*Third*, because there is no "proof" to rebut HANSAINVEST's presumptive status as the most adequate plaintiff under the PSLRA, HANSAINVEST is entitled to appointment as Lead Plaintiff and the competing motions must be denied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). As the Ninth Circuit has stated, under "the burden-shifting process Congress established in the PSLRA," any "competing movants must point to *evidence* of inadequacy" in order to rebut the presumption. *Mersho v. U.S. Dist. Court for Dist. of Ariz.*, 6 F.4th 891, 901 (9th Cir. 2021); *see also Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)).

*Fourth*, HANSAINVEST has selected Kessler Topaz as Lead Counsel for the class. Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel[.]").

Even if HANSAINVEST did not have the largest financial interest in this litigation, the purported movant with the next-largest reported losses—the UK Funds—must be disqualified. Indisputably, the UK Funds filed their motion *after this Court's 5:00 p.m. filing deadline*, making their motion untimely and rendering them unable to satisfy the PSLRA's first requirement: filing a motion for appointment by the deadline. *See, e.g.*, *Skwortz v. Crayfish Co., Ltd.*, Nos. 00 CIV. 6766(DAB), *et al.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001) (explaining that the PSLRA's deadline is "mandatory" and that "an untimely motion has the effect of preventing the [movant] from satisfying the first requirement of the most adequate plaintiff presumption"). At a minimum, the failure to comply with this Court's filing deadline (and other procedural rules) undermines any claim

that the UK Funds can and will adequately represent the class. *See, e.g.*, *May v. Barclays PLC*, No. 23-cv-2583 (LJL), 2023 WL 5950689, at *18 (S.D.N.Y. Sept. 13, 2023) ("Courts have held that errors in documents submitted in connection with motions for lead plaintiff status raise concerns about a party's adequacy to serve as lead plaintiff.")

Moreover, the UK Funds—who purchased **all** of their Class Period shares after the first corrective disclosure alleged in this action—are subject to unique defenses that render them atypical and inadequate. *See Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) (rejecting movant group where three members (representing 87% of the group's losses) purchased all of their stock after the first alleged corrective disclosure). Specifically, courts have rejected movants with high volumes of post-corrective purchases because there is a risk that such movants could have "invested in [the company's] securities notwithstanding notice of defendants' misstatements and omissions" thereby undermining their ability to rely on the fraud-on-the-market doctrine. *See id.* The class cannot be maintained if the lead plaintiff cannot rely on the fraud-on-the-market doctrine to establish reliance. *See id.* Regardless of whether the UK Funds may ultimately defeat these challenges later in litigation, there is "no reason to subject the class to this potential defense where there is another movant"—HANSAINVEST—"that purchased the vast majority of its [company] shares before the first corrective disclosure was made." *Id*.

Accordingly, HANSAINVEST respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     HANSAINVEST Should Be Appointed Lead Plaintiff

The PSLRA directs that the movant possessing "the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . ."). The Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "*proof*" that the movant will not fairly and adequately represent the

class or is subject to unique defenses. *Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption). Because HANSAINVEST is the presumptively most adequate plaintiff, and no "proof" exists that could rebut that presumption, HANSAINVEST is entitled to appointment as Lead Plaintiff. *See Mersho*, 6 F.4th at 902 (the PSLRA requires courts to "articulate how the *evidence*" presented by competing movants "*proves*" the presumptive lead plaintiff's inadequacy).

### 1.    HANSAINVEST Has the Largest Financial Interest of Any Movant

Courts in the Ninth Circuit and across the country, including this Court, overwhelmingly look to movants' losses under the LIFO methodology when assessing financial interest under the PSLRA. *See, e.g.*, *GoPro*, 2016 WL 1718217, at *3 (stating that the "weight of authority" assesses financial interest based on movants' LIFO losses); *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) ("Most courts within this district use the LIFO method to calculate estimated losses. . . . Mindful of the Ninth Circuit's desire for consistent application, I will do the same."); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) (Tigar, J.) (agreeing that "approximate losses in the subject securities is the preferred measure" for "how to calculate the largest financial interest"); *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1052 (N.D. Cal. 2017) (Tigar, J.) (same). Indeed, as this Court has previously explained, LIFO losses are particularly important where, as here, "gradual disclosures are involved," because alternative loss calculation factors such as net shares purchased or retained shares "assume a constant fraud premium throughout the class period" and thus "are less useful analytical tools." *GoPro*, 2016 WL 1718217, at *3.

Here, HANSAINVEST's $2.8 million in LIFO losses are clearly the largest of any purported movant before the Court:[2]

---

[2]    The competing movants' losses are taken from their respective filings. *See* ECF No. 20-4; ECF No. 24-3; ECF No. 31 at 7; ECF No. 37-4.

| **Movant** | **Reported Loss** |
|:---:|:---:|
| **HANSAINVEST**<br>[ECF No. 16] | **$2,827,494.68** |
| ~~UK Funds~~<br>[ECF No. 31, untimely] | ~~$2,531,487~~ |
| ~~Plymouth County~~<br>[ECF No. 37, untimely; ECF No. 48<br>(statement of non-opposition)] | ~~$235,116.13~~ |
| ~~Curt L. Cotner~~<br>[ECF No. 24; ECF No. 49 (withdrawal)] | ~~$232,311.15~~ |
| ~~Jeffrey Schumacher and Haridarshan Singh~~<br>[ECF No. 20; ECF No. 47 (statement of non-opposition)] | ~~$210,523~~ |

Accordingly, it cannot be disputed that HANSAINVEST possesses the largest financial interest of any movant or purported movant before the Court. *See, e.g.*, *Super Micro Comput.*, 317 F. Supp. 3d at 1060 ("[C]ourts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff.").

### 2.    HANSAINVEST Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, HANSAINVEST also satisfies the applicable Rule 23 adequacy and typicality requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 731 (explaining that a lead plaintiff movant need only make "a prima facie showing of typicality and adequacy").

As demonstrated in its opening brief, *see generally* ECF No. 16, HANSAINVEST's claims are typical of the claims of the class. Like all other class members, HANSAINVEST: (1) purchased Enphase common stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See Super Micro Comput.*, 317 F. Supp. 3d at 1061.

HANSAINVEST also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Super Micro Comput.*, 317 F. Supp. 3d at 1061 (stating that the adequacy element is satisfied where: "the class representative[s] and [their] counsel [do not] have any conflicts of interest with other class members" and "the class representative[s] and [their] counsel will prosecute the action vigorously on behalf of the class"). HANSAINVEST's interests are clearly aligned with other members of the class, there is no evidence of any conflicts, and HANSAINVEST's significant financial interest in this litigation ensures the vigorous prosecution of this litigation through its chosen lead counsel, Kessler Topaz. Moreover, as a sophisticated institutional investor with more than $60 billion in assets under management, HANSAINVEST is the prototypical investor Congress sought to encourage to lead securities class actions. *See Shenwick v. Twitter, Inc.*, No. 16—cv—05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (Tigar, J.) (finding that "as an institutional investor, [movant] is likely to be an effective lead plaintiff" because "Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits"). Indeed, HANSAINVEST was recently appointed as a lead plaintiff in *North Collier Fire Control & Rescue District Firefighters Retirement Plan v. Dentsply Sirona Inc.*, No. 1:24-cv-09083-NRB (S.D.N.Y. Feb. 21, 2025), ECF No. 25.

Because HANSAINVEST possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, HANSAINVEST should be appointed as Lead Plaintiff.

**B.      HANSAINVEST's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."); *Super Micro Comput.*, 317 F. Supp. 3d at 1062 (same). Accordingly, HANSAINVEST's selection of Kessler

Topaz—a firm with significant experience prosecuting complex class actions—as Lead Counsel should be approved.

### C.    The Competing Motions Should Be Denied

Because each competing movant claims losses smaller than those suffered by HANSAINVEST, and because no "proof" exists to rebut HANSAINVEST's presumptive status as the most adequate plaintiff under the PSLRA, the Court need not consider the competing motions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)); *DocuSign*, 2022 WL 1301770, at *4 ("Proof is key—the presumption may not 'be set aside for any reason that the court may deem sufficient.'") (quoting *Mersho*, 6 F.4th at 899).  This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" and sequential lead plaintiff selection process.  *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

However, even if HANSAINVEST did not have a greater financial interest than the UK Funds, which report the second-largest losses, the UK Funds suffer from fatal flaws and their motion must be denied.

### 1.    The UK Funds Have Failed to Comply With the PSLRA's Timeliness Requirement

Here, the UK Funds—which filed its motion at 9:33 p.m. PST—unquestionably missed this Court's filing deadline by several hours.  *See* Standing Order at 1; Suppl. Joost Decl., Ex. A (Notice of Electronic Filing of the UK Funds' motion).  The Court's Standing Order clearly states that "*[a]ll* filing deadlines *are at 5:00 p.m.* unless otherwise ordered."  There is no question that the UK Funds failed to comply with the mandatory 5:00 p.m. deadline.  This is disqualifying.  This Court's and the PSLRA's deadline are not discretionary.  Rather the deadlines are "mandatory" and "an untimely motion has the effect of preventing the [movant] from satisfying the [PSLRA's] first requirement."

*Crayfish*, 2001 WL 1160745, at \*5; *see also, e.g.*, *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, at \*3 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 439-40 (E.D. Va. 2000) (holding that a movant "fail[ed] procedurally" and could not be appointed lead plaintiff, despite its substantial financial interest, because it filed its motion late and therefore "failed to satisfy the first statutory factor").

Accordingly, the Court should decline to consider the UK Funds' motion on the basis that it is untimely and they have failed to meet the PSLRA's requirements.

In addition to rendering them unable to meet the first requirement of the PSLRA, the UK Funds' inattention to this Court's rules raises serious questions about their ability to adequately represent the class. *See, e.g.*, *Barclays*, 2023 WL 5950689, at \*18 ("Courts have held that errors in documents submitted in connection with motions for lead plaintiff status raise concerns about a party's adequacy to serve as lead plaintiff.").

### 2. The UK Funds' Filings Contain Additional Errors

Concerns about the UK Funds are further compounded by the fact that they—again ignoring the Court's instructions—initially noticed their motion to be heard on a date that the Court had previously announced was unavailable. *See* ECF No. 43. Other movants (who filed timely motions) properly noticed available hearing dates. *See* ECF Nos. 16 & 24. The UK Funds inexplicably ignored these motions and plowed forward.

The UK Funds' carelessness also infected their certifications and declarations. Here, both of the UK Funds are located outside of the United States. *See* ECF No. 31 at 2 ("Cheshire Pension Fund, headquartered in Ellesmere Port, Cheshire, United Kingdom"); *id.* ("Rhondda Cynon Taf Pension Fund is one of the largest occupational pension plans in Wales"). Because the UK Funds are not located in the United States, their certifications and joint declarations must be executed in compliance with 28 U.S.C. § 1746(1) ("Section 1746"). Section 1746(1) specifically requires declarants outside of the United States to make their declaration "under penalty of perjury ***under the laws of the United States of America***." The UK Funds failed to comply with this simple requirement and seemingly

executed their certifications and joint declarations under Section 1746(2)—which applies only to declarations made within the United States. *Compare* 28 U.S.C. § 1746(1) *with* ECF Nos. 31-2 (certification executed only "under the penalty of perjury"); 31-3 (same); 31-4 (joint declaration executed only "under the penalty of perjury").

The UK Funds make much about their status as institutional investors and their purported understanding of the "supervision of the litigation," ECF No. 31-4, ¶ 9; *see also* ECF No. 31 at 2-3, 9-10, but their cumulative errors at the very outset of this litigation "speak to a level of carelessness that rightly calls into doubt [the UK Funds'] adequacy to be lead plaintiff." *Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp.*, Nos. 21 Civ. 5739 (PAE), *et al.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (disqualifying a movant due to a series of errors).

### 3.    The UK Funds' Trading Renders Them Atypical

Even if the UK Funds' motion had been timely, their trading patterns make them subject to "unique defenses" that "might play a significant role at trial" and therefore render them "incapable of adequately representing the class." *Depomed*, 289 F. Supp. 3d at 1055.

As acknowledged by the UK Funds, the first corrective disclosure pled in this case occurred on October 26, 2023, and was followed by a 15% decline in Enphase's stock price. *See* ECF No. 31 at 5 ("Following the October 26, 2023 earnings release ***and partial corrective disclosure***, the trading price of Enphase common stock declined $14.09 per share, or nearly 15%, to close at $82.09 per share on October 27, 2023."). However, neither of the two UK Funds purchased a single Class Period share of Enphase stock before this partial corrective disclosure. *See* ECF No. 31-2 (showing that Cheshire Pension Fund's purchases began on November 16, 2023); ECF No. 31-3 (showing that Rhondda Cynon Taf Pension Fund's purchases began on February 16, 2024).

The UK Funds' 100% post-disclosure purchases subject them to Defendants' arguments "that [they] invested in [Company] securities notwithstanding notice of defendants' misstatements and omissions," undermining their ability "to assert the fraud-on-the-market presumption of reliance" and "thereby rendering them inadequate class representatives." *Longtop*, 2011 WL 4597553, at *8. If successful, this argument would "effectively preclude class certification." *In re Snap Inc. Sec. Litig.*,

No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019) (rejecting movant that "purchased approximately 60% of his [company] stock *after*" the first alleged corrective disclosure).

In addition to jeopardizing class certification, the appointment of an inadequate or atypical lead plaintiff undermines the prosecution of the entire class's claims because that lead plaintiff's subsequent disqualification could force the Court to reopen the lead plaintiff selection process or expose absent class members to statute of limitations and statute of repose concerns. *See, e.g.*, *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155, 160 (S.D.N.Y. 2010) (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "at a minimum . . . subject to unique defenses"). Accordingly, courts have repeatedly disqualified movants who—like the UK Funds—made ***all*** of their purchases after any alleged corrective disclosures. *See, e.g.*, *Bhangal v. Hawaiian Elec. Indus., Inc.*, No. 3:23-cv-04332-JSC, 2023 WL 8482871, at *3 (N.D. Cal. Dec. 7, 2023) (disqualifying a movant who purchased all of his shares after a partial corrective disclosure because his "purchasing decisions and timeline indicate his losses may have been caused by something other than Defendants' false or misleading statements or omissions"); *Lundy v. Ideanomics, Inc.*, No. 20 Civ. 4944 (GBD), 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) (disqualifying a movant who "may be subject to a unique defense because he purchased *all* his class period shares" after partial corrective disclosures and noting that subsequent disqualification may subject class members "to statute of repose concerns") (emphasis in original).

The Court should do the same here. Regardless of whether Defendants would ultimately succeed in challenging the UK Funds' representation of the class, the likelihood of these unique defenses makes the UK Funds atypical and inadequate. *See, e.g.*, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (holding that a plaintiff "fails to satisfy the typicality requirement" if "it is predictable that a major focus of the litigation will be on a defense unique to him"); *Batter v. Hecla Mining Co.*, Nos. 19-cv-4883 (ALC), *et al.*, 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) ("Where there is at least a ***potential*** that the presumptively most adequate lead plaintiff will be subject to unique defenses . . . disqualification is appropriate.").

III.   **CONCLUSION**

For the reasons discussed above, HANSAINVEST respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Kessler Topaz as Lead Counsel for the class, and deny the competing motions.

DATED: February 25, 2025                    Respectfully submitted,

                                            **KESSLER TOPAZ MELTZER**
                                            **  & CHECK, LLP**

                                            */s/ Jennifer L. Joost*
                                            JENNIFER L. JOOST (Bar No. 296164)
                                            (jjoost@ktmc.com)
                                            One Sansome Street, Suite 1850
                                            San Francisco, CA 94104
                                            Tel:    (415) 400-3000
                                            Fax:    (415) 400-3001

                                            *Counsel for Proposed Lead Plaintiff HANSAINVEST*
                                            *Hanseatische Investment-GmbH and Proposed Lead*
                                            *Counsel for the Class*