UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE WELFARE AND PENSION FUNDS OF LOCAL 464A PENSION FUND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENPHASE ENERGY, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-09038-JST<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF Nos. 16, 20, 31, 37 |

Before the Court are two competing motions[1] to appoint lead plaintiffs and lead counsel, filed by Plaintiff HANSAINVEST Hanseatische Investment-GmbH, ECF No. 16, and Plaintiffs Cheshire Pension Fund and the Rhondda Cynon Taf Pension Fund (together, "UK Pension Funds"), ECF No. 31. For the reasons explained below, the Court appoints HANSAINVEST as Lead Plaintiff and Kessler Topaz Meltzer & Check, LLP as Lead Counsel.

## I.   BACKGROUND

This is a federal securities class action on behalf of persons and entities who purchased or otherwise acquired Defendant Enphase Energy, Inc.'s common stock between April 25, 2023 and October 22, 2024. The complaint alleges that Enphase underrepresented the competitive challenges it faced in European markets, leading to declines in the price of Enphase's stock when

---

[1] Plaintiff Curt L. Cotner filed a motion for appointment as lead plaintiff and lead counsel and then withdrew the motion. ECF Nos. 24, 49. Two more plaintiffs moved for appointment as lead plaintiff and lead counsel and later filed notices of non-opposition to the other plaintiffs' motions, acknowledging that they do not have the largest financial interest. ECF Nos. 20, 47 (Plaintiffs Jeffrey Schumacher and Haridarshan Singh); ECF Nos. 37, 48 (Plaintiff Plymouth County Retirement Association). Accordingly, the Court will deny the motions filed by Schumacher, Singh, and Plymouth.

it failed to gain market share in Europe. ECF No. 1 ¶¶ 1–16.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). This does not require a "wide-ranging comparison to determine which plaintiff is best suited to represent the class." *Id.* Instead, the "presumptive lead plaintiff . . . is the movant with the largest financial interest and who has made a prima facie showing of adequacy and typicality. Once the presumption is established, competing movants can rebut the presumption by showing that the presumptive lead plaintiff will not fairly or adequately represent the class." *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb)-(cc) & (II)(aa)). "The statute requires proof that the presumptive lead plaintiff is not adequate. . . . If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.* at 899 (citing *In re Cavanaugh*, 306 F.3d at 729 n.2 and 15 U.S.C. § 78u-4(a)(3)(B)(i)). "If the movant with the largest losses does not satisfy the Rule 23 requirements, the district court must then look to the movant with the next largest losses and repeat the inquiry." *Id.*

## IV. DISCUSSION

Presently before the Court are two competing motions to appoint lead plaintiff and lead counsel in this action. ECF Nos. 16, 31. The Court starts by determining which plaintiff has the largest financial interest and therefore is the presumptive lead plaintiff, and then considers the adequacy of that presumptive lead plaintiff. *See In re Mersho*, 6 F.4th at 896.

### A. Largest Financial Interest

#### 1. Accounting Methodology

HANSAINVEST and the UK Pension Funds both claim the largest financial interest. HANSAINVEST, calculating its losses using a last in, first out (LIFO) analysis, represents that it suffered total losses of at least $2.8 million. ECF No. 16 at 9. The UK Pension Funds estimate

their losses on a LIFO basis to be around $2.5 million.  ECF No. 31 at 11.  But the UK Pension Funds argue in opposition that HANSAINVEST's losses should be calculated "using a unified approach," since HANSAINVEST manages several different funds that bought and sold Enphase securities at various times and prices.  *Id.*  Under such an approach, HANSAINVEST's losses would total only $1.6 million.  *Id.* at 12.  HANSAINVEST objects to use of the unified approach on the ground that its funds are legally separate and economically independent.  ECF No. 52 at 9.

The UK Pension Funds cite no cases accepting a "unified" method of calculating an investment fund manager's losses.  HANSAINVEST, on the other hand, identifies eight cases in the past year in which courts appointed investment managers as lead plaintiffs based on separate losses suffered by multiple funds.  ECF No. 52-4.  On the whole, the Court is persuaded that calculating the losses for each of HANSAINVEST's unique investment funds is a better representation of reality.  *See* ECF No. 52 at 9 ("[E]ach of these investment funds—which are organized under the laws of either Luxembourg or Germany—has *separate* prospectuses, *separate* assets, *separate* investment strategies, *separate* portfolios, *separate* investors, and more. . . . [T]hey are legally separate from one another *and* from HANSAINVEST." (emphasis in original)).  The Court thus will accept HANSAINVEST's calculation of its losses at $2.8 million.

### 2. Calculation of Largest Financial Interest

"[N]either the PSLRA nor the Ninth Circuit specifies precisely how to calculate which plaintiff has the largest financial interest."  *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011).  "The only real guidance offered by the Ninth Circuit in *In re Cavanaugh* is that 'the court may select accounting methods that are both rational and consistently applied' in order to 'compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'"  *Id.* (quoting *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002)).

"District courts within the Ninth Circuit generally consider the four '*Lax*' factors, first articulated in the *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), to determine which plaintiff has the greatest financial interest."  *Hoang v. ContextLogic, Inc.*, No. 21-CV-03930-BLF, 2022 WL 1539533, at *4 (N.D. Cal. May 16, 2022).  Those factors

3

are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Sneed v. AcelRx Pharms., Inc.*, No. 21-CV-04353-BLF, 2021 WL 5964596, at *2 (N.D. Cal. Dec. 16, 2021).

The UK Pension Funds urge the Court to give equal weight to all four factors. ECF No. 51 at 14–15. The prevailing approach in the Ninth Circuit, however, is to assign the most weight to the amount of loss. *See, e.g.*, *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("[A]pproximate losses in the subject securities is the preferred measure" for "how to calculate the largest financial interest"); *Lako v. Loandepot, Inc.*, No. 8:21-CV-01449-JLS-JDE, 2022 WL 1314463, at *3 (C.D. Cal. May 2, 2022) (same). The LIFO accounting method is the preferred approach in this district to calculate those losses. *Peters v. Twist Bioscience Corp.*, No. 5:22-CV-08168-EJD, 2023 WL 4849431, at *4 (N.D. Cal. July 28, 2023). By that measure, HANSAINVEST suffered the largest loss. And while the UK Pension Funds urge the Court to find that they suffered the largest loss, they concede that if the Court accepts HANSAINVEST's approach of aggregating the losses suffered by its separate funds, that entity has the largest loss. ECF No. 51 at 14.

Accordingly, the Court finds HANSAINVEST has the largest financial interest and is thus the presumptive lead plaintiff.

**B.   Adequacy**

Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy. *See Cavanaugh*, 306 F.3d at 730–31. Other plaintiffs in the class are then provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "The test for

4

adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at *5 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

"[I]nstitutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)).

HANSAINVEST makes a sufficient *prima facie* showing of its typicality by representing that it, "just like all other class members, . . . seeks recovery of losses on its investments in Enphase common stock that it incurred as a result of Defendants' misrepresentations and omissions." ECF No. 16 at 9–10. And it makes a sufficient *prima facie* case for adequacy by representing that "its interest in vigorously pursuing the claims against Defendants—given its substantial financial losses—are aligned with the interests of the members of the class" and that "[t]here are no potential conflicts between HANSAINVEST's interests and those of the other members of the class." *Id.* at 10.

The UK Pension Funds object that appointing HANSAINVEST as lead plaintiff would raise concerns about "an unwelcome 'sideshow,'" namely, HANSAINVEST's Article III standing and "the peculiarities of German law upon which it may ultimately rely to support" it. ECF No. 51 at 16–17. The UK Pension Funds "do not challenge HANSAINVEST's *prima facie* showing of Article III standing" but simply warn that "defendants might well do so at a later stage in the litigation." *Id.* at 17. The law is clear, however, that such speculation is insufficient to defeat the presumptive lead plaintiff's *prima facie* showing of adequacy. *In re Nike, Inc. Securities Litig.*, No. 3:24-cv-00974-AN, 2024 WL 4579499, at *8 (D. Or. Oct. 25, 2024) (finding "speculative at best" argument that presumptive lead plaintiff failed adequacy requirement because of concerns about prudential standing); *Leventhal v. Chegg, Inc.*, No. 5:21-cv-09953-EJD, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) ("speculation about the validity" of assignment of claims to a foreign investment manager was "insufficient to rebut the lead plaintiff presumption"). Moreover, "courts have routinely found asset managers like [HANSAINVEST] to have standing to represent

1 their investment funds under the prudential exception to Article III standing," which the Court

2 finds sufficient to assuage the UK Pension Funds' vaguely asserted concerns. *SEB Investment*

3 *Mgmt. AB v. Wells Fargo & Co.*, No. 22-cv-03811, 2025 WL 1243818, at *4 (N.D. Cal. Apr. 25,

4 2025) (collecting cases, and holding that investment manager's "reliance on the prudential

5 standing exception—and the potential 'sideshow' it may create—does not render it atypical").

6 The Court therefore appoints HANSAINVEST as Lead Plaintiff. "[I]f the lead plaintiff

7 has made a reasonable choice of counsel, the district court should generally defer to that choice."

8 *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711–12 (9th Cir. 2009). The Court finds

9 that HANSAINVEST's choice of counsel in Kessler Topaz Meltzer & Check, LLP is reasonable

10 in light of that firm's significant experience obtaining favorable results as lead counsel in

11 shareholder derivative litigation. *See* ECF No. 16-5. Accordingly, the Court will appoint Kessler

12 Topaz as Lead Counsel.

## CONCLUSION

14 For the foregoing reasons, the Court grants HANSAINVEST's motion, ECF No. 16, and

15 appoints HANSAINVEST as Lead Plaintiff and appoints Kessler Topaz Meltzer & Check, LLP as

16 Lead Counsel. The UK Pension Funds' motion, ECF No. 31, Plymouth County Retirement

17 Association's motion, ECF No. 37, and Jeffrey Schumacher and Haridarshan Singh's motion, ECF

18 No. 20, are denied.

19 The Court orders Lead Plaintiff to serve and file a consolidated complaint or designate a

20 previously filed complaint as the operative complaint within sixty days of this Order.

21 **IT IS SO ORDERED.**

22 Dated: August 20, 2025

JON S. TIGAR
United States District Judge