LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
    colleen.smith@lw.com
Katherine E. Bruce (Bar No. 361220)
    kathy.bruce@lw.com
Anastasia Pyrinis (Bar No. 352395)
    anastasia.pyrinis@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400

Daniel R. Gherardi (Bar No. 317771)
    daniel.gherardi@lw.com
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

Thomas J. Giblin (*pro hac vice*)
    thomas.giblin@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1 212.906.1200

*Attorneys for Defendants Enphase Energy, Inc.,
Badrinarayanan Kothandaraman, and Raghuveer
Belur*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| HANSAINVEST HANSEATISCHE INVESTMENT-GMBH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and RAGHUVEER BELUR,<br><br>Defendants. | CASE NO.  4:24-cv-09038-JST<br><br>**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S FIRST AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing:    May 7, 2026<br>Time:        2:00 p.m.<br>Location:    Courtroom 6 – 2nd Floor<br><br>Hon. Jon S. Tigar |

## I.      INTRODUCTION

Defendants Enphase Energy, Inc. ("Enphase" or the "Company"), Badrinarayanan Kothandaraman, and Raghuveer Belur (collectively, "Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with Defendants' Motion to Dismiss ("Motion to Dismiss") Lead Plaintiff HANSAINVEST Hanseatische Investment-GmbH's ("Plaintiff") First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 85, "Amended Complaint").

- **Exhibit 1** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2022, which was filed with the United States Securities and Exchange Commission ("SEC") on February 13, 2023 ("2022 Form 10-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 2** – a true and correct copy of a transcript of Enphase's April 25, 2023 call discussing quarterly financial results for the first quarter of fiscal year 2023 ("Q1 2023 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 3** – a true and correct copy of a transcript of Enphase's July 27, 2023 call discussing quarterly financial results for the second quarter of fiscal year 2023 ("Q2 2023 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 4** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2023, which was filed with the SEC on February 9, 2024 ("FY 2023 10-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 5** – a true and correct copy of a transcript of Enphase's October 26, 2023 call discussing quarterly financial results for the third quarter of fiscal year 2023 ("Q3 2023 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 6** – a true and correct copy of a transcript of Enphase's February 6, 2024 call discussing quarterly financial results for the fourth quarter and full fiscal year 2023 ("Q4 2023 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 7** – a true and correct copy of Enphase's financial results on Form 8-K for the fourth quarter of fiscal year 2023, which was filed with the SEC on February 6, 2024 ("Feb. 2024 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 8** – a true and correct copy of Enphase's stock price history from April 24, 2023 to October 23, 2024, which is publicly available from the database FactSet, www.factset.com, among other websites.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

REQUEST FOR INCORPORATION BY REFERENCE
AND JUDICIAL NOTICE ISO DEFS' MOT. TO DISMISS
CASE NO. 4:24-CV-09038-JST

- **Exhibit 9** – a true and correct copy of a transcript of Enphase's April 23, 2024 call discussing quarterly financial results for the first quarter of fiscal year 2024 ("Q1 2024 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 10** – a true and correct copy of a transcript of Enphase's July 23, 2024 call discussing quarterly financial results for the second quarter of 2023 ("Q2 2024 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 11** – a true and correct copy of a transcript of Enphase's October 22, 2024 call discussing quarterly financial results for the third quarter of 2024 ("Q3 2024 Earnings Call"), which is publicly available at www.spglobal.com/market-intelligence, among other websites.

- **Exhibit 12** – a true and correct copy of Enphase's financial results on Form 8-K for the first quarter of 2023, which was filed with the SEC on April 25, 2023 ("Apr. 2023 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 13** – a true and correct copy of Enphase's financial results on Form 8-K for the second quarter of 2023, which was filed with the SEC on July 27, 2023 ("July 2023 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 14** – a true and correct copy of Enphase's financial results on Form 8-K for the third quarter of 2023, which was filed with the SEC on October 26, 2023 ("Oct. 2023 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 15** – a true and correct copy of Enphase's financial results on Form 8-K for the first quarter of 2024, which was filed with the SEC on April 23, 2024 ("Apr. 2024 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 16** – a true and correct copy of Enphase's financial results on Form 8-K for the second quarter of 2024, which was filed with the SEC on July 23, 2024 ("July 2024 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 17** – a true and correct copy of Enphase's financial results on Form 8-K for the third quarter of 2024, which was filed with the SEC on October 22, 2024 ("Oct. 2024 Form 8-K"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 18** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the first quarter of fiscal year 2023, which was filed with the SEC on April 25, 2023 ("Q1 2023 10-Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 19** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the second quarter of fiscal year 2023, which was filed with the SEC on July 27, 2023 ("Q2 2023 10-Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 20** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the third quarter of fiscal year 2023, which was filed with the SEC on October 26, 2023 ("Q3 2023 10-Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 21** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the first quarter of fiscal year 2024, which was filed with the SEC on April 23, 2024 ("Q1 2024 10-Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 22** – a true and correct copy of Enphase's quarterly report on Form 10-Q for the second quarter of fiscal year 2024, which was filed with the SEC on July 23, 2024 ("Q2 2024 10-Q"), and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 23** – a true and correct copy of a June 7, 2023 report from Oppenheimer & Co. Inc., titled "ENPH: Takeaways from Management Meeting" ("Oppenheimer Analyst Report") which is publicly available at www.bluematrix.com, among other websites.

Each of these documents may properly be considered by the Court in connection with Defendants' Motion to Dismiss because it is (a) incorporated by reference into the Amended Complaint and/or (b) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

## II.   LEGAL STANDARD

"In ruling on a 12(b)(6) motion to dismiss, the Court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Inchen Huang v. Higgins*, 443 F. Supp. 3d 1031, 1046 n.3 (N.D. Cal. 2020); *Cornet v. Twitter, Inc.*, 2023 WL 3029236, at *3 n.3 (N.D. Cal. Apr. 19, 2023) (explaining courts may consider "documents incorporated by reference in the complaint"); *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding SEC filings

forming the basis of plaintiff's claims were incorporated by reference into complaint); *Park v. GoPro, Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (holding SEC filings, including those plaintiffs "quoted several times in the Amended Complaint," may be incorporated by reference).

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction" or (b) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008); *Bodri*, 252 F. Supp. 3d at 921 (N.D. Cal. 2017) ("[T]he Court may take notice of matters in the public record . . . ."); *Cornet*, 2023 WL 3029236, at *1 n.1 (taking judicial notice of documents filed with the SEC); *In re Invensense, Inc. Sec. Litig.*, 2016 WL 1182063, at *8 n.3 (N.D. Cal. Mar. 28, 2016) (taking judicial notice of an earnings call transcript); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims."). Likewise, courts "routinely take judicial notice of analyst reports," as they "may be considered to show what information was available to the market." *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024).

## III.    ARGUMENT

### A.    The Amended Complaint Incorporates Exhibits 2-3, 5-6, 8-11, 14, 17, and 23 by Reference

Plaintiff references Exhibits 2-3, 5-6, 8-11, 14, 17, and 23 extensively in the Amended Complaint and necessarily relies on them to form the basis of its claims. These exhibits are thus properly considered by the Court in their entirety pursuant to the incorporation by reference doctrine. *Khoja*, 899 F.3d at 1002.

- **Exhibit 2, the Q1 2023 Earnings Call** – Plaintiff relies on Exhibit 2 as the source of several statements Plaintiff claims were materially false or misleading. App. A at 1-6; *see also* ¶¶ 125-30, 135-36.

- **Exhibit 3, the Q2 2023 Earnings Call** – Plaintiff relies on Exhibit 3 as the source of several statements Plaintiff claims were materially false or misleading.  App. A at 8-12; *see also* ¶¶ 125-30, 135-36.

- **Exhibit 5, the Q3 2023 Earnings Call** – Plaintiff relies on Exhibit 5 as the source of several statements Plaintiff claims were materially false or misleading.  App. A at 13-17; *see also* ¶¶ 154-63.

- **Exhibit 6, the Q4 2023 Earnings Call** – Plaintiff relies on Exhibit 6 as the source of two statements Plaintiff claims were materially false or misleading.  App. A at 18-19; *see also* ¶¶ 166-67, 170.

- **Exhibit 8, Stock Price History** – Plaintiff relies on the Company's stock price reactions following the alleged corrective disclosures on October 26 and 27, 2023 and October 22 and 3, 2024, as purported evidence of loss causation.  ¶¶ 103, 118, 241-42, 257.  Exhibit 8 compiles Enphase's historical stock price data during the class period.

- **Exhibit 9, the Q1 2024 Earnings Call** – Plaintiff relies on Exhibit 9 as the source of several statements Plaintiff claims were materially false or misleading.  App. A at 20-24; *see also* ¶¶ 173-77, 182.

- **Exhibit 10, the Q2 2024 Earnings Call** –  Plaintiff relies on Exhibit 10 as the source of two statements Plaintiff claims were materially false or misleading.  App. A at 25-26; *see also* ¶¶ 184-187.

- **Exhibit 11, the Q3 2024 Earnings Call** – Plaintiff relies on Exhibit 11 to the revelation of a "truth concealed by Defendants' misrepresentations and omissions."  ¶ 253; *see also* ¶¶ 254-56.

- **Exhibit 14, the Oct. 2023 Form 8-K** – Plaintiff relies on Exhibit 14 to allege the purported revelation of a "truth concealed by Defendants' misrepresentations and omissions," including Enphase's disclosure of sequential revenue declines and guidance on October 26, 2023.  ¶ 235.

- **Exhibit 17, the Oct. 2024 Form 8-K** – Plaintiff relies on Exhibit 17 to allege the purported revelation of a "truth concealed by Defendants' misrepresentations and omissions," including Enphase's disclosure of European revenue declines and Q4 guidance on October 22, 2024.  ¶ 253.

- **Exhibit 23, the Oppenheimer Analyst Report** – Plaintiff relies on Exhibit 23 as the source of one statement Plaintiff claims was materially false or misleading.  App. A at 7; *see also* ¶ 138.

Because the foregoing exhibits form the basis of Plaintiff's allegations, and are documents upon which Plaintiff relies, they are incorporated by reference into the Amended Complaint and are appropriately considered in full by this Court in deciding Defendants' Motion to Dismiss.  *See Nvidia*, 2020 WL 1244936, at *5 (incorporating by reference "SEC filings, conference presentations, earnings call transcripts, and articles" for the purpose of determining what was disclosed to the market); *Uber*, 2020 WL 4569846, at *2 (incorporating by reference SEC filings

because Plaintiffs' securities fraud theory "depends on" Defendant's financial results); *Bare Escentuals*, 745 F. Supp. 2d at 1066-67 (incorporating by reference SEC filings, press releases and conference call transcripts cited in the complaint); *Park,* 2019 WL 1231175, at *6 (same).

### B.   All the Exhibits Are Properly Subject to Judicial Notice

Each of the Exhibits is also subject to judicial notice because it is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Court should, therefore, take judicial notice of Exhibits 1 through 23.

The Court may take judicial notice of the fact that information is disclosed in Exhibits 1, 4, 7, and 12-20 because they are all public filings with the SEC.  In securities fraud litigation, "[c]ourts routinely take judicial notice of" a company's "SEC filings" "for the purpose of determining what information was available to the market."  *In re Fastly, Inc. Sec. Litig.*, --- F. Supp. 3d. ---, 2025 WL 2721693, at *4 (N.D. Cal. Sept. 24, 2025); *see, e.g.*, *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of Forms 10-K and 10-Q because such "documents are not subject to reasonable dispute, and the accuracy of these publicly filed SEC documents cannot reasonably be questioned"); *Wochos v. Tesla*, *Inc.,* 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as example of "matter[s] subject to judicial notice").  Judicial notice is appropriate for SEC filings even where Plaintiff does not expressly reference them in the Amended Complaint.  *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of additional SEC filings not cited in the complaint); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (same).

Courts also "routinely" take judicial notice of "transcripts of calls with analysts and investors" discussing financial results "for the purpose of determining what information was available to the market." *Fastly*, 2025 WL 2721693, at *4.  Such "documents are not subject to reasonable dispute and can be accurately and readily determined through public websites." *Strezsak,* 2024 WL 1160900, at *4 (taking judicial notice of investor conference transcript); *In re Invensense*, 2016 WL 1182063, at *8 n.3 (taking judicial notice of an earnings call transcript); *In*

*re Splunk Inc. Sec. Litig.,* 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (same); *Lamontagne v. Tesla, Inc.,* 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms.*, Inc., 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same).  Here, Plaintiff also expressly relies on Exhibits 2, 3, 5, 6, 9, and 10 as the source of challenged statements on Enphase's strength in the European market and on the European slowdown, and relies on Exhibit 11 as the source of a purported corrective disclosure.  Therefore, Plaintiff cannot reasonably challenge these exhibits' authenticity or accuracy.  And in any event, each of Exhibits 2, 3, 5, 6, 9, 10, and 11 are publicly available earnings call transcripts, "the accuracy of which is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).

The Court may also take judicial notice of Exhibit 8, which documents the price of Enphase's common stock from April 24, 2023 to October 23, 2024.  Enphase's public stock price is not a fact subject to reasonable dispute, and it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).  Courts routinely take judicial notice of stock charts depicting daily stock prices. *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding it was "proper" to take "judicial notice for . . . stock price history"); *In re Nvidia Corp. Sec. Litig.,* 2010 WL 4117561, at *2 n.3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of daily closing prices).

Lastly, courts can take judicial notice of analyst reports like Exhibit 23 where "their authenticity and accuracy is not disputed." *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. May 18, 2020).  Plaintiff here relies on Exhibit 23 in the Amended Complaint as the source of a Challenged Statement and thus cannot reasonably challenge their authenticity or accuracy.  ¶ 138; *see also* App. A at 7.  Analyst reports like Exhibit 23 are also often judicially noticed in securities fraud claims to help determine "whether and when certain information was provided to the market."  *In re Apple Inc. Sec. Litig.,* 2020 WL 2857397, at *6; *Weston v. DocuSign, Inc.,* 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (taking judicial notice of analyst reports "to determine the information available to the market"); *In re Century Aluminum Co. Sec. Litig.,* 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst report); *In re*

*Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (same). The Court may, therefore, take judicial notice of Exhibit 23.

**IV.    CONCLUSION**

Defendants respectfully request the Court consider Exhibits 1 through 23, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with the Court's adjudication of Defendants' Motion to Dismiss.

DATED: December 12, 2025

**LATHAM & WATKINS LLP**

*/s/ Daniel R. Gherardi*
Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, California 94025
T: (650) 328-4600
Email:  daniel.gherardi@lw.com

Colleen C. Smith (SBN 231216)
Katherine E. Bruce (SBN 361220)
Anastasia Pyrinis (SBN 352395)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400
Email: colleen.smith@lw.com
Email: kathy.bruce@lw.com
Email: anastasia.pyrinis@lw.com

Thomas J. Giblin (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
T: (212) 906-1200
Email:  thomas.giblin@lw.com

*Attorneys for Defendants Enphase Energy, Inc., Badrinarayanan Kothandaraman, and Raghuveer Belur*