**KESSLER TOPAZ MELTZER**
    **& CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
STACEY M. KAPLAN (Bar No. 241989)
(skaplan@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Plaintiff HANSAINVEST Hanseatische*
*Investment-GmbH and Lead Counsel for the Putative Class*

[*Additional counsel listed on signature page.*]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HANSAINVEST HANSEATISCHE INVESTMENT-GMBH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., et al.,<br><br>Defendants. | Case No. 4:24-cv-09038-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>Date: May 7. 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

Lead Plaintiff HANSAINVEST Hanseatische Investment-GmbH ("Plaintiff") respectfully submits this opposition to Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Consolidated Complaint for Violations of the Federal Securities Laws ("RJN").

I.    **INTRODUCTION**

The Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) forcefully disapproved of the "concerning pattern" of defendants in securities class actions misusing "judicial notice" and "incorporation-by-reference" by "pil[ing] on numerous documents" in order to improperly "present their own version of the facts at the pleading stage." Accordingly, the Ninth Circuit made plain that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because doing so contravenes the "prohibition against resolving factual disputes at the pleading stage." *Id*. at 1003. The Ninth Circuit was unequivocal that "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

In its RJN, Defendants ignore the Ninth Circuit's warning. Defendants ask the Court to judicially notice or deem incorporated-by-reference 23 exhibits—the contents of which span over 900 pages—and then draw factual inferences and make factual findings from those exhibits about fact-intensive issues, including as to the state of the European market and the financial results and reporting practices of Enphase Energy, Inc. ("Enphase"). Defendants' attempt to craft their own counter-factual narrative, and their implicit solicitation of the Court to resolve factual disputes on a pleading motion, are precisely the types of misuses of judicial notice and incorporation-by-reference that the Ninth Circuit strongly condemned in *Khoja*:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.
>
> . . . .
>
> [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Id.* at 998, 1003.

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

For these reasons and those discussed further below, Plaintiff respectfully submits that the Court should reject Defendants' invitation to find contested facts under the guise of "judicial notice," as well as Defendants' attempt to resolve contested factual disputes at the pleading stage by invoking the "incorporation-by-reference" doctrine.

## II.   LEGAL STANDARD

Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

Federal Rule of Evidence 201(b) provides the Court discretion to "judicially notice a fact that is not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "[A] court cannot take judicial notice of disputed facts," and even when a document is "susceptible to judicial notice," that still "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *see also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("[W]e may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed."). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017) (alteration in original).

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" if the complaint "refers extensively" to them or if they "form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. However, it is a "narrow exception" that "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005). The incorporation by reference doctrine "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. "[I]t is improper to assume the truth of an incorporated document

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* Additionally, "while the rule of completeness in Federal Rule of Evidence 106 may require admission of a complete document to avoid a misleading impression, it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss." *Lynch v. Rawls*, 429 F. App'x 641, 643 n.1 (9th Cir. 2011).

### III.    ARGUMENT

Defendants contend all their exhibits can be judicially noticed, and that certain exhibits are incorporated by reference. While Plaintiff does not dispute that many of the attached exhibits are either incorporated by reference or else the proper subject of judicial notice, it does contest Defendants' attempt to elide the distinction between noticing a document for the purpose of showing a statement was made and accepting the truth of the statements contained within the document.

Moreover, Defendants appear to take the position that this restriction does not pertain to documents the Court incorporates into the Complaint, as opposed to those that are merely susceptible to judicial notice. RJN 4 ("properly considered . . . in their entirety . . ."). However, such a framing would mischaracterize the purpose of the incorporation by reference doctrine, which is to ensure a complaint does not misrepresent a document's contents. *Lynch*, F. App'x at 643 n.1; *Khoja*, 899 F.3d at 1002-03. And the Court should reject Defendants' attempt to shoehorn impermissible factual findings into the resolution of this motion, using the camouflage of either judicial notice or the incorporation by reference doctrine.

**Exhibit 2** is a transcript of an earnings call which took place on April 25, 2023. Defendants improperly rely upon statements contained within Exhibit 2 to support factual assertions. In one instance, Defendants would have the Court take notice of purported financial figures based on the statements contained therein. Dkt. No. 86 ("MTD") 13 ("'revenue increased 25% sequentially and more than tripled year-on-year' and non-GAAP gross margin was over 45%"). However, the Court may "not take judicial notice of the *truth* of" these figures; it may only "take judicial notice of the fact that [Enphase] *made* these representations." *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1183 n.10 (N.D. Cal. 2023) (emphasis in original). In another instance, Defendants ask the Court to accredit Enphase's "longstanding practice" of giving financial guidance only for the following quarter (MTD 21) despite the fact that whether Enphase engaged in a longstanding practice is not a "kind[] of thing[] about which courts ordinarily take

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

judicial notice." *Body Jewelz*, 241 F. Supp. 3d at 1090. Moreover, to the extent that statements in Exhibit 2 would support such inferences regarding Enphase's practices, such inferences would go well beyond taking notice of what statements were made. *See Stiner*, 665 F. Supp. 3d at 1183 n.10. While Plaintiffs do not contest that the Court may take notice of the fact that a particular statement was made, Defendants' attempt to articulate "facts" or a narrative based on such "facts" should be rejected.

**Exhibit 3** is a transcript of an earnings call which took place on July 27, 2023. In a fashion similar to their misuse of Exhibit 2, Defendants intersperse impermissible uses of judicial notice among other permissible uses, in order to create a shadow factual narrative divorced from the Complaint's well-pled allegations. However, the Court should "not take judicial notice of the truth of the factual assertions contained in" these earnings calls. *Plaskett v. Wormuth*, 18 F.4th 1072, 1084 n.6 (9th Cir. 2021). To that end, it would be improper for the Court to rely upon Exhibit 3 for the purpose of determining the "growth in microinverter sell-through in Europe." MTD 13. Even more improper would be for the Court to rely upon Defendants' characterization of Enphase's state of mind based in part on statements within Exhibit 3. The statements made in an earnings call cannot be used to decide, for the purpose of resolving a motion to dismiss, whether Enphase was truly "bullish on Europe," whether it was, in fact, "cautious," or what its true expectations were. MTD 3 (purporting to reflect "optimism for future growth in Europe"); *id.* at 13 (Enphase "expected" it would be "slightly down in revenue.").

**Exhibit 4** is an SEC Form 10-K for the year ending on December 31, 2023 filed by Enphase. Defendants do not argue that Exhibit 4 is incorporated into the Complaint. *See* RJN 4-5. Yet, Defendants rely upon this exhibit to support a purported fact which is not judicially noticeable: "In the second half of 2023, macroeconomic conditions in Europe suddenly began to change, and the EU experienced a broad slowdown." MTD 3. The macroeconomic conditions experienced in Europe as articulated by Defendants are not "things" of the same kind as "the boundaries of a state" or the name of a president, *Body Jewelz*, 241 F. Supp. 3d at 1090; thus, they are not judicially noticeable and Defendants' attempt to interject an apparently mitigating fact should be rejected. *See Corinthian Colls.*, 655 F.3d at 998-99 (cannot "take judicial notice of facts favorable to Defendants that could reasonably be disputed").

**Exhibit 9** is a transcript of an earnings call which took place on April 23, 2024. Enphase asks the Court to consider it for the improper purposes of supporting (i) an assertion Defendants make regarding

Enphase's beliefs, which are at issue, and (ii) financial figures. MTD 4 ("While it believed that these results suggested Europe had 'begun to recover' . . . ."); *id.* 14 ("revenue increased 70% from previous quarter"); *id.* 16 ("Enphase's revenue in Europe increased by 70% in Q1 . . . ."). Defendants will have the opportunity to submit evidence regarding Enphase's beliefs and financial performance later; upon a motion to dismiss, these statements cannot be considered for their truth.

Finally, each of **Exhibits 7, 12, 13, 14, 15, 16, and 17** is an SEC Form 8-K filed by Enphase. Defendants cite each of these documents as containing Enphase's actual revenue for the previous quarter. MTD 5 n.2. While Plaintiffs do not contest that the documents purport to announce actual revenue, the legal principle remains that these documents can only show that Enphase reported these figures. *Stiner*, 665 F. Supp. 3d at 1183 n.10.

## IV.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court not take judicial notice of or treat as incorporated-by-reference the facts and inferences that Defendants ask the Court to improperly consider from their Exhibits.

Dated:  February 10, 2026          Respectfully submitted,

**KESSLER TOPAZ MELTZER
   & CHECK, LLP**

*/s/Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
STACEY M. KAPLAN (Bar No. 241989)
(skaplan@ktmc.com)
BENNETT CHO-SMITH (Bar No. 358260)
(bcho-Smith@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

-and-

NATHANIEL C. SIMON*
(nsimon@ktmc.com)
RYAN SHELTON-BENSON*
(rsheltonbenson@ktmc.com)
280 King of Prussia Road

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056

*Counsel for Plaintiff HANSAINVEST Hanseatische Investment-GmbH and Lead Counsel for the Putative Class*

*appearance pro hac vice

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE