LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
    *colleen.smith@lw.com*
Katherine E. Bruce (Bar No. 361220)
    *kathy.bruce@lw.com*
Anastasia Pyrinis (Bar No. 352395)
    *anastasia.pyrinis@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400

Daniel R. Gherardi (Bar No. 317771)
    *daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600

Thomas J. Giblin (*pro hac vice*)
    *thomas.giblin@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1 212.906.1200

*Attorneys for Defendants Enphase Energy, Inc.,
Badrinarayanan Kothandaraman, and Raghuveer
Belur*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HANSAINVEST HANSEATISCHE INVESTMENT-GMBH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and RAGHUVEER BELUR,<br><br>Defendants. | CASE NO.  4:24-cv-09038-JST<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S FIRST AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing:     May 7, 2026<br>Time:         2:00 p.m.<br>Location:    Courtroom 6 – 2nd Floor<br><br>Hon. Jon S. Tigar |

## I.      INTRODUCTION

Defendants Enphase Energy, Inc. ("Enphase" or the "Company"), Badrinarayanan Kothandaraman, and Raghuveer Belur (collectively, "Defendants"), respectfully submit this reply in support of their Request for Incorporation by Reference and Judicial Notice (Dkt. No. 88, the "RJN"), in Support of Defendants' Motion to Dismiss (Dkt. No. 86, the "Mot."), and in response to Plaintiff's opposition to the RJN (Dkt. No. 91, the "RJN Opp.").

Plaintiff concedes that "many" of Defendants' Exhibits can be considered because they are incorporated by reference, properly the subject of judicial notice, or both. RJN Opp. at 3. Plaintiff, though, argues the Court cannot accept "the truth of the statements contained within the" Exhibits. *Id.* But for the Exhibits Plaintiff incorporates by reference, the Court *can* consider their truth. And for the others, Defendants ask only that the Court consider what information was publicly available and the context those Exhibits provide to Plaintiff's cherry-picked allegations. Plaintiff offers no authority suggesting Defendants' requests are improper. Indeed, Plaintiff does not mention half of the Exhibits (including Exhibits 1, 5-6, 10-11, and 18-23), and therefore concedes each is properly considered by the Court. And for those Plaintiff mentions specifically (Exhibits 2-4, 7, 9, and 12-17), Plaintiff has not established any basis for why the Court may not consider them under the doctrines of incorporation by reference, judicial notice, or both. Defendants respectfully request that the Court grant their RJN.

## II.     ARGUMENT

### A.      Exhibits 2-3, 5-6, 8-11, 14, 17, and 23 Are Incorporated by Reference

Exhibits 2-3, 5-6, 8-11, 14, 17, and 23 are each referred to extensively in the Amended Complaint, including as the basis of Plaintiff's claims, and are therefore incorporated by reference in the Amended Complaint. Plaintiff makes no mention of Exhibits 5, 6, 8, and 23, and therefore concedes they are appropriately considered by the Court as incorporated by reference into the Amended Complaint. *In re PG&E Corp. Sec. Litig.*, 806 F. Supp. 3d 962, 987 (N.D. Cal. 2025) (considering documents that plaintiffs concede are incorporated by reference in their complaint).

For the Exhibits Plaintiff does mention, Plaintiff agrees that the documents are incorporated by reference into the Amended Complaint, but argues the Court must ignore the portions of these

Exhibits that Plaintiff does not like. RJN Opp. at 3-5. But Plaintiff's own authority (*id.* at 2) makes clear that the court may consider the entirety of a document incorporated by reference into a complaint and "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (same); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."). This doctrine prevents a plaintiff from "selecting only portions of documents that support their claims, while omitting portions" that do not. *Khoja*, 899 F.3d at 1002; *see also In re Facebook, Inc. S'holder Deriv. Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (incorporation by reference exists to "prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). If a "general conclusion in a complaint contradicts specific facts retold in a document . . . those specific facts are controlling." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023).

Here, each of Exhibits 2, 3, 9, 14, and 17 is a document Plaintiff relies upon extensively in the Amended Complaint, and the Court may therefore consider them in their entirety. Plaintiff may not attempt to manufacture a securities fraud claim while asking the Court to ignore the portions of the documents on which Plaintiff relies that do not support that claim. *See Facebook*, 367 F. Supp. 3d at 1118 (explaining plaintiffs cannot be "cherry-picking" documents for material that supports their claims while "omitting portions that weaken their claims").

- Plaintiff argues Enphase's earnings call transcripts cited in the Amended Complaint (Exhibits 2, 3, and 9) can only be considered for the fact that Enphase made representations, not for the truth or context of the financial results they report. RJN Opp. at 3. But Plaintiff cannot rely on these Exhibits as the purported source of challenged statements while asking the Court not to consider the rest of the Exhibits, including Defendants' statements about their beliefs and opinions. *See SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1126 (N.D. Cal. 2020) (explaining a plaintiff cannot "selectively emphasize[] parts of [a defendant's] statement, while ignoring the context and the full statements that were made").

- As for Exhibits 14 and 17, Forms 8-K announcing Enphase's financial results, Plaintiff argues the Court may only consider these documents for the fact that

"Enphase reported these [financial] figures." RJN Opp. at 5. But again, Plaintiff relies upon these documents in the Amended Complaint to form the basis of its allegations. The Court may, therefore, consider the entirety of the contents of the Forms 8-K, including for the context that they provide for the statements Plaintiff challenges. *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025) (holding that courts must "look at 'the context surrounding the statement[],'" including "information outside the immediate document," because it informs how "a reasonable investor would view a particular statement"). Plaintiff does not challenge the financial figures reported in Exhibits 14 and 17, and offers no support for limiting the Court's consideration of these Exhibits.

For these reasons, Defendants respectfully request that the Court consider Exhibits 2-3, 5-6, 8-11, 14, 17, and 23 as incorporated by reference in connection with adjudicating Defendants' Motion to Dismiss.

**B.    The Court May Judicially Notice All of the Exhibits**

Plaintiff does not identify a single Exhibit that is not properly judicially noticeable by the Court. Plaintiff does not mention Exhibits 1, 5-6, 8, 10-11, and 18-23 at all, and therefore concedes the Court may consider these Exhibits under Federal Rule of Evidence 201(b).

Exhibits 2, 3, 9, 14, 17 are all properly considered by the Court under incorporation by reference for the reasons discussed in Section II.A. Plaintiff does not argue that these Exhibits cannot be considered under judicial notice. The same is true for the remaining Exhibits that Plaintiff mentions specifically (Exhibits 4, 7, 12-13, and 15-17). Plaintiff admits these Exhibits (all publicly available Enphase SEC filings) are properly subject to judicial notice. RJN Opp. at 4-5. Courts routinely hold that public records such as SEC filings "are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *See, e.g.*, *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1232 n.2 (N.D. Cal. 2008). Nevertheless, Plaintiff argues the Court may not consider any facts related to these judicially noticed documents. RJN Opp. at 4. But Defendants ask the Court to consider these documents for the information that was available to investors at the time of the Challenged Statements, as well as the context they provide for Plaintiff's claims. The Ninth Circuit recently held that not only is it essential to consider material and information within a document (outside of the portion challenged), but that courts must consider the context of a Challenged Statement, which may be informed by "information outside the immediate document." *Sneed*, 147 F.4th at

1131; *see also In re Amylin Pharms., Inc., Sec. Litig.*, 2002 WL 31520051, at *2 (S.D. Cal. Oct. 10, 2002) (taking judicial notice of SEC filings to "place the allegedly false and misleading statements into context"); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (same).  For these reasons, the Court should also take judicial notice of Exhibits 4, 7, 12-13, and 15-17.

## III.   CONCLUSION

For these reasons, Defendants request that the Court take judicial notice of all of the Exhibits referenced in their RJN.

DATED: March 27, 2026

**LATHAM & WATKINS LLP**

*/s/ Daniel R. Gherardi*
Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, California 94025
T: (650) 328-4600
Email:  daniel.gherardi@lw.com

Colleen C. Smith (SBN 231216)
Katherine E. Bruce (SBN 361220)
Anastasia Pyrinis (SBN 352395)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400
Email: colleen.smith@lw.com
Email: kathy.bruce@lw.com
Email: anastasia.pyrinis@lw.com

Thomas J. Giblin (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
T: (212) 906-1200
Email:  thomas.giblin@lw.com

*Attorneys for Defendants Enphase Energy, Inc., Badrinarayanan Kothandaraman, and Raghuveer Belur*